**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-161 |
| MUSA FATTY | SECTION I |

## ORDER AND REASONS

Before the Court is a motion *in limine*[1] filed by defendant concerning the admissibility at his trial of unspecified out-of-court statements. Specifically, defendant believes that the United States will seek to admit certain out-of-court statements as coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). In light of this belief, defendant asks the Court to "rule that any out-of-court statements by [alleged] coconspirators are inadmissible at trial . . . unless the [United States] has satisfied its burden of proof that the hearsay exception under Rule 801(d)(2)(E) applies to such statements," and to "make such a determination as to [the] admissibility of such out-of-court statements before the statements are actually presented to the jury."[2] Worded differently, defendant appears to request that the Court conduct a so-called *James* hearing. *See United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) ("A *James* hearing, conducted outside the presence of the jury, is one potential method by which the district court may ensure the Government

---

[1] R. Doc. No. 35.
[2] R. Doc. No. 35-1, at 2-3.

1

can satisfy the predicate facts needed to prove the conspiracy independent of the statements.").

The United States opposes[3] defendant's motion. It argues that the Court should evaluate the admissibility of alleged coconspirator statements "after the presentation of the [United States'] case-in-chief."[4] In the United States' view, the conditional admission of such statements during its case-in-chief "will avoid burdening the Court with a lengthy mini-trial and will enable the Court to assess the full context of the statements within the trial."[5]

"A coconspirator's statement should be admitted over objection only on a showing that: (1) there is a conspiracy; (2) the statement was made during the course and in furtherance of the conspiracy; and (3) the defendant and declarant were members of the conspiracy."[6] *United States v. Simmons*, 374 F.3d 313, 320 (5th Cir. 2004) (citing *United States v. James*, 590 F.2d 575, 578 (5th Cir. 1979) (en banc)). "If the court concludes that the prosecution has not borne its burden of proof on these issues, the statement cannot remain in the evidence to be submitted to the jury." *James*, 590 F.2d at 582-83.

The Fifth Circuit has counseled that a "district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of

---

[3] R. Doc. No. 42.
[4] *Id.* at 1.
[5] *Id.* at 2.
[6] In *Bourjaily v. United States*, 483 U.S. 171 (1987), the Supreme Court held that an "offered statement itself can properly be considered along with the other evidence in determining whether the hearsay declarant was the defendant's co-conspirator." *United States v. Perez*, 823 F.2d 854, 855 (5th Cir. 1987).

2

the defendant with it before admitting declarations of a [alleged] coconspirator." *Id.* at 582. However, Fifth Circuit precedent "has never required a hearing outside the presence of the jury" to determine the admissibility of out-of-court statements as coconspirator statements. *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992). Indeed, "[i]f [a district court] determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement[s] subject to being connected up."[7] *James*, 590 F.2d at 582; *see also United States v. Gonzalez-Balderas*, 11 F.3d 1218 (5th Cir. 1994) (where "the court finds the order of proof impractical," then "the court may conditionally admit the statement subject to a subsequent final determination" of its admissibility under Rule 801(d)(2)(E)). In short, the Fifth Circuit "has approved district courts' practice of carrying a *James* motion through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." *Fragoso*, 978 F.2d at 900.

Having considered defendant's motion and the applicable law, the Court declines defendant's request for a *James* hearing. Often, such a hearing is "impractical" and "wasteful," as it "would require the Court to hear much of the trial evidence twice." *United States v. Morgan*, No. 01-232, 2002 WL 1159706, at *2 (E.D.

---

[7] If such statements are not "connected up," then "the judge must decide whether the prejudice arising from the erroneous admission of the coconspirator's statements can be cured by a cautionary instruction to disregard the statement or whether a mistrial is required." *James*, 590 F.2d at 582-83.

3

La. May 30, 2002) (Vance, J.). The Court will not hold "what would amount to two trials in the case." *Id.*

Moreover, defendant "do[es] not actually identify a single co-conspirator statement to which [he] object[s]." *United States v. Wijetunge*, No. 15-144, 2016 WL 1089344, at *6 (E.D. La. Mar. 21, 2016) (Africk, J.). Therefore, "the best course of action" is to defer defendant's argument concerning alleged coconspirator statements until trial, at which point the Court will be in a better position to evaluate the merits of the argument. *Id.*

Accordingly,

**IT IS ORDERED** that defendant's motion is **DENIED**, without prejudice to defendant's right to object to the admissibility of any alleged coconspirator statements at trial.

New Orleans, Louisiana, May 15, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**